UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 09-173-B-W |
| | ) |
| GLEN ROSS AND SCOTT STOREY, | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON CIVIL COMPLAINT**

Randall Hofland filed this action naming Glen Ross, the Penobscot County Sheriff, and Scott Storey, the Waldo County Sheriff, as defendants. In an earlier order in this action I granted Hofland leave to proceed in forma pauperis. I now recommend that the Court dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) because it fails to state a claim against the defendants.

*Procedural background*

This is one of a series of cases that Hofland has filed in this Court since April 24, 2009. In this case and three others, see Hofland v. Thompson, Civ. No. 09-174-B-W, Hofland v. Governor, et al., Civ. No. 09-162-B-W, Hofland v. LaHaye et al., Civ. No. 09-172-JAW, I have entered a procedural order that placed Hofland "on notice that repeated filings could result in the imposition of filing restrictions under Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993)." Hofland v. LaHaye, Civil Nos. 9-172-B-W, 9-174-B-W, 9-162-B-W, 9-173-B-W, 2009 WL 1259139, 2 (D.Me. May, 6, 2009). I cautioned, "if Hofland persists in filing motions such as this ex parte request for attachment or other frivolous filings that have no legal basis, the

Court may order that he can file no pleading without first obtaining written approval from a judge." Id.[1]

On May 21, 2009, Hofland filed a motion to stay this case (Doc. No. 5) along with the other cases identified in my procedural order except Hofland v. Thompson, Civ. No. 09-174-B-W. With respect to this request, I entered an order on May 22, 2009, providing, "plaintiff has until June 1, 2009 to decide in this case, as well as 09-162 and 09-172 whether he wants to incur the cost of litigation or voluntarily dismiss the complaint at this time." (Doc. No. 6.) On May 26, 2009, Hofland filed a "Motion for 90 Day Stay of Proceedings." (Doc. No. 7.) Therein he indicates that he anticipates a hearing on June 26, 2009, in his state criminal case which will address, among other things, Hofland's motion to dismiss. On May 27, 2009, I entered an order denying that motion to stay, indicating that this case would proceed to initial screening. (Doc. No. 8.) June 1, 2009, has now passed and Hofland has not requested a voluntary dismissal of this action.

### *28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) Screening*

In his complaint against these defendants, Hofland complains that he has been held in four different county jails and during his transfer he has lost books and commissary items, was held in protective custody, was assaulted by a fellow inmate, and was found guilty of fighting in an unfair disciplinary proceeding. It is very unclear what conduct occurred in which facility. Some of the allegations clearly took place in the York County Jail and at Three Bridges Regional Jail.

---

[1] In Hofland v. Perkins, et al., Civ. No. 09-201-B-W, I have entered a recommendation that the case be dismissed for lack of jurisdiction. And in Hofland's most recent complaint, Hofland v. Westrum, et al., Civ. No. 09-218-B-W, I issued a recommendation that that complaint be summarily dismissed because the "'new' complaint fail[ed] to state a claim against most of the individuals named as defendants, [was] not accompanied by a filing fee or proper motion, and [was] duplicative of matters already on file with this court." (Civ. No. 09- 218-B-W, Doc. No. 3.)

2

Applying the United States Supreme Court's Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) to these allegations, I conclude that this complaint should be dismissed for failure to state a claim. In Iqbal the court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. at 1949. It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Under Iqbal to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly, 440 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557 (brackets omitted).

129 S.Ct. at 1949. The Iqbal majority expanded:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal

3

>conclusion couched as a factual allegation" (internal quotation marks omitted)).
>Rule 8 marks a notable and generous departure from the hyper-technical, code-
>pleading regime of a prior era, but it does not unlock the doors of discovery for a
>plaintiff armed with nothing more than conclusions. … Determining whether a
>complaint states a plausible claim for relief will …  be a context-specific task that
>requires the reviewing court to draw on its judicial experience and common sense.
>… But where the well-pleaded facts do not permit the court to infer more than the
>mere possibility of misconduct, the complaint has alleged-but it has not
>"show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at  1949 -50 (internal citation omitted).

As indicated above, it is difficult to discern which allegations of the complaint pertain to the two jails over which these two defendants have authority.  What is more, there are no facts alleged in Hofland's complaint that through Ross's and Storey's "own individual actions" they have "violated the Constitution."  Iqbal, 129 U.S. at 1948; id. (noting that  vicarious liability is inapplicable to Bivens and § 1983 suits)  Given the Iqbal majority's conclusion that that complaint did not sufficiently allege a claim against defendants Ashcroft and Mueller, see id at 1955, 1060-61 (Souter, J., joined by Stevens, J., Ginsburg, J., and Breyer, J. dissenting), it cannot be doubted that this complaint must be dismissed for failing to state a claim against Sheriff Ross and Sheriff Storey.

### *Conclusion*

For the reasons above, I recommend that pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) the Court dismiss this action with prejudice because it fails to state a claim against the defendants.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,

together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                      /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

June 2, 2009