UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, )<br>)<br>   Plaintiff, )<br>)<br>v. ) Civil No. 9-173-B-W<br>)<br>GLEN ROSS AND SCOTT STOREY, )<br>)<br>   Defendants ) | |

**ORDER ON MOTIONS**

      The Court has referred the following motions to me: Motion for Court Provided Copies (Doc. No. 21); Motion to Dismiss, Motion to Consolidate Cases (Civ. No. 09-173-B-W and Civ. No. 09-218-B-W), Joinder, and Motion to Amend , and Motion to Amend Complaint and Joinder of Parties (Doc. No. 22); Motion for Joinder of Parties, accompanied by an amended complaint (Doc. No. 23); and Motion to Joinder (Doc. No. 24).[1] I now deny all of these various motions because they lack merit and have no legal support, but I do provide Hofland with some limited relief in regard to his motion for copies.

**Motion for Court Provided Copies (Doc. 21)**

      Hofland cites no authority and I know of none that would require this court to act as a copying service to send Hofland copies of documents he has himself filed with the court. The clerk does provide every pro se prisoner litigant with a paper copy of any order entered by a judicial officer. Additionally, if a defendant in this litigation files pleadings with the court, pursuant to court rule Hofland must be furnished with a paper copy. Finally, the clerk's office indicates to me that as a courtesy they did furnish Hofland with some specific documents that he requested. Requiring the clerk to copy the entire file in this case would be a tremendous waste

---

[1]     I have used the caption that Hofland puts on these motions. The clerk has docketed some of his motions with captions that edit the language, presumably in an attempt for greater clarity.

of resources. However, since all of Hofland's pleadings have been scanned into the court's electronic case management system, I now direct the clerk to return to Hofland the original of all pleadings he has filed with the court through today's date. This return of original paper copies is a one-time event, and in the future Hofland should make a copy of all pleadings before he sends them to the court and should not anticipate that the court will be so indulgent of his requests for copies.

**Motion to Dismiss, Motion to Consolidate Cases, Joinder, and Motion to Amend (Doc. 22)**

By this motion Hofland wants to dismiss Hofland v. Westrum, et al., Civ. No. 09-218-B-W, as a separate action and consolidate its claims and defendants with this case, Hofland v. Glenn Ross & Scott Storey, Civ. No. 09-173-B-W. He also seeks to join not only the Westrum defendants, but also "add new defendants" apparently in conjunction with the alleged seizure of legal files at the York County Jail. Finally, by this motion Hofland seeks to amend the complaint and, toward that end, has attached a proposed amended complaint to the motion. Presumably, if Hofland has his way, that amended complaint would become the operative pleading in this consolidated case. Although leave to amend is normally liberally granted, this motion to amend fails on so many levels I cannot grant the motion.

First, Hofland has ignored the genesis of my earlier decision recommending the dismissal of this action. He has sued the two elected sheriffs as the named defendants, Glenn Ross and Scott Storey. In my recommended decision I explained why this complaint failed to state a claim for conspiracy against these two defendants. While the proposed amended complaint contains new factual allegations, none of them pertain to allegations that would support a conspiracy claim against these two individuals under governing legal standards as explained in my

recommended decision.  Thus, I continue to recommend dismissal of this action as it pertains to Ross and Storey.

Also, by this amendment Hofland wants to incorporate his claims currently found in Hofland v. Westrum, Civ. No. 09-218-B-W, by adding the following defendants:  Westrum, Archer, Ewing, Read, and Two Bridges Regional Jail.  Civil Rule of Procedure 15 does provide that leave to amend should be freely granted.  Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").  This portion of the motion to amend is denied because in my view it is filed in bad faith.  Hofland has already filed a case in this court directed against Two Bridges Regional Jail, Archer, Ewing, and Read.  (See Hofland v. Thompson, Civ. No. 09-174-B-W).  Service has been accomplished in that case and counsel for the jail and the officers has entered her appearance.  Hofland was told allegations pertaining to Two Bridges Regional Jail were to be filed in conjunction with the case found at Civ. No. 09-174-B-W.  (See Rec. Dec. at 2, Civ. No. 09-218-B-W, Doc. No. 3.)  The allegations in Civ. No. 09-218-B-W are currently subject to a recommended decision in which I referenced the Thompson case and noted that the allegations were largely duplicative of those in that case and that Hofland had failed to file a motion to proceed in forma pauperis in this purported Westrum case.  Obviously, if Hofland has additional allegations he wants to make against the Two Bridges Regional Jail and/or its officers, he should file a motion to amend the complaint in the Thompson case where counsel has entered her appearance and is prepared to address the issues.  By seeking to join the allegations with the Ross case after having been specifically told

3

that all allegations pertaining to Two Bridge Regional Jail would be consolidated (upon proper motion) in the Thompson case, I am convinced that Hofland is attempting to increase the costs of litigation for the defendants and defy this court's reasonable orders.  For those reasons I deny this portion of his motion.

Finally, Hofland mentions York County Jail in his proposed amended complaint, but only to inform the court that a Sgt. McCormick at the jail has been the only (emphasis in the proposed amended complaint) supervisor at York County Jail that has "in anyway been consistently helpful with Hofland's legal matters." (Proposed Am. Compl. at 2-3, ¶ 5, Doc. 22-2.) Presumably McCormick is not a named defendant and the allegations concerning the speed with which York County supervisors have responded to Hofland's complaints are frivolous in the extreme.  Thus, I have no reason to grant this proposal to amend the complaint.

**Motion for Joinder of Parties (Doc. 23)**

By this motion Hofland seeks to formally join York County Jail, Sheriff Maurice Ouellete, Capitan Leo Rogers, Sgt. Seamons, Sgt. Brooks, and Cpl. Vangell.  Once more Hofland has attached another copy of a proposed amended complaint.  In it he faults Vangell for seizing some legal materials from him when he returned from his criminal case in the Waldo County Superior Court.  As Hofland explains in his complaint, he has not yet exhausted the York County jail's grievance process in regard to these materials.  He also states in the same conclusory fashion that this seemingly isolated incident on June 26, 2009, is part of the larger Ross/Storey conspiracy.  This proposed amendment fails to state a claim for the same reason as the original complaint failed under the applicable legal standard of plausibility and I deny the request.

**Motion to Joinder (Doc. 24)**

By this motion Hofland wants to add Governor John Baldacci and assistant attorney general Martha Hallisey-Swift in their personal capacities.  The basis of the motion is that both individuals have personal knowledge of the various violations of state and federal law.  There is no proposed amended complaint attached.  The futility of this line of attack should be obvious to Hofland by now.   The plausibility of incorporating the Governor and an assistant attorney general in a vast conspiracy based upon the conclusory allegation that they have personal knowledge of "various violations" simply does not pass muster under the applicable legal standards set forth in my original recommended decision.

CERTIFICATE

Any objections to these Orders shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

July 20, 2009                                             /s/ Margaret J. Kravchuk
                                                                  U.S. Magistrate Judge