UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-173-B-W |
| | ) | |
| GLENN ROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS FOR ENLARGEMENT AND
TO CONVENE PLENARY PROCEEDINGS, TO VACATE, AND TO COMPEL**

On August 4, 2009, one day after his case was dismissed, Randall B. Hofland moved to extend time and to convene plenary proceedings pursuant to Rule 66(c) of the Federal Rules of Civil Procedure. *Mot. for Enlargement of Time and Mot. to Convene* (Docket # 36) (*Mot. for Enlargement*). Mr. Hofland amended this motion on August 7, 2009, to replace Rule 66(c) of the Federal Rules of Civil Procedure with 18 U.S. C. §§ 401-02, as the legal basis for his motion to convene. *Additional Attach.* (Docket # 37). On August 13, 2009, Mr. Hofland filed a motion to compel and a motion to vacate the order dismissing his complaint. *Mot. to Compel* (Docket # 39); *Mot. to Vacate* (Docket # 38). The Court dismisses each motion.

**A. Motion for Enlargement and to Convene Plenary Proceedings**

Mr. Hofland asks for an extension of time within which to respond to any pending matters, because while he was attending a hearing on June 26, 2009 at the Waldo County Superior Court, the York County Sheriff allegedly seized his legal materials. *Mot. for Enlargement* at 1-4. Because his Complaint was dismissed on August 3, 2009, the only time period Mr. Hofland could extend is the thirty-day period during which he must file a notice of

appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Appellate Rules provide for an extension by motion, filed no later than thirty days after the initial thirty-day period expires, in which the would-be appellant "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii); *see Local Union No. 12004, USW v. Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004). Mr. Hofland currently has multiple lawsuits pending in this Court, and during the period that he claims to have been without legal materials, he has filed a number of notices of appeal. The Court concludes that he is currently capable of filing a timely similar notice in this case and, therefore, dismisses the motion to extend.

With respect to the motion to convene plenary proceedings, Mr. Hofland moves the Court to convene plenary proceedings against York County Officials, their attorneys, and several other non-parties pursuant to Rule 66(c) of the Federal Rules of Civil Procedure or 18 U.S.C. §§ 401-02.[1] *Mot. for Enlargement* at 1; *Additional Attach.* at 1. This is not a cognizable request as the Court cannot issue relief against named individuals who are not parties to this cause of action. The Court, therefore, dismisses the motion to convene.

### B. Motion to Compel

In his motion to compel, Mr. Hofland requests that the Court order the York County Jail to preserve surveillance video that he claims contains evidence supporting his motion to convene. *Mot. to Compel* at 1. Again, this is not a cognizable request as the York County Jail is

---

[1] Mr. Hofland reports that he has moved in state court, pursuant to Rule 66(c) of the Maine Rules of Civil Procedure, to commence plenary proceedings. *Mot. for Enlargement* at 4. Rule 66(c) of the Maine Rules of Civil Procedure provides that the state court must convene a plenary proceeding when punitive sanctions are sought for contempt occurring outside the presence of the court. Me. R. Civ. P. 66(c). Mr. Hofland appears to assume the Federal Rules of Civil Procedure include an identically numbered analogous provision. They do not. *See* Fed. R. Civ. P. 66. Mr. Hofland's motion is not cognizable under the Federal Rules. Further, the motion assumes that there are contempt proceedings pending before the Court. There are none. Finally, in an effort to correct his mistake, Mr. Hofland cites 18 U.S.C. §§ 401-02 as authorizing his motion. *Additional Attach.* at 1. This additional citation does not cure the defects in Mr. Hofland's motion to convene plenary proceedings.

not party to the cause of action, and thus, the Court cannot issue an order compelling it to act. The motion to compel is therefore dismissed.

### C. Motion to Vacate

In his motion to vacate, Mr. Hofland has also moved the court to vacate the Court's August 3, 2009 Order and to reopen the action with new enlarged time limits. Mr. Hofland alleges a "Fraud Before The Court" as a basis for this motion. *Mot. to Vacate* at 2. While the Court has the authority to set aside a judgment for fraud on the court, such action is warranted only for "the most egregious misconduct directed to the court itself, and it must be supported by clear, unequivocal and convincing evidence." *United States v. Yeje-Cabrera*, 430 F.3d 1, 28 n.22 (1st Cir. 2005) (quotation marks omitted); *See* Fed. R. Civ. P. 60(d)(3). Mr. Hofland's motion does not articulate a fraud on this court and does not include clear and convincing evidence to support his allegations. In addition, the *Throckmorton* and *Universal Oil Products* cases cited by Mr. Hofland do not support his motion. *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 577-80, (1945) (bribery of a judge resulted in a fraudulent judgment); *United States v. Throckmorton*, 98 U.S. 61, 66 (1878) (prior judgment set aside on the ground that perjured testimony was introduced at trial). Mr. Hofland's motion to vacate is dismissed.

The Court DISMISSES without prejudice Plaintiff's Motion for Enlargement of Time and Motion to Convene (Docket # 36) and its Additional Attachments (Docket # 37), Motion to Compel (Docket # 39), and Motion to Vacate (Docket # 38).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2009